UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Anthony F. Fabec,** | ) | **CASE NO. 1:04 CV 2062** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **STERIS Corporation,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant's Motion to Tax Costs Against Plaintiff (Doc. 28). For the following reasons, the motion is held in abeyance pending further documentation provided by plaintiff.

On September 20, 2005, this Court issued its Memorandum of Opinion and Order granting defendant's Motion for Summary Judgment.

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs..." 28 U.S.C. § 1920 provides that the court may tax as costs, *inter alia,* (1) fees of the clerk, (2) fees of the court reporter for all or any part of the stenographic transcript necessarily

1

obtained for use in the case, (3) fees and disbursements for printing and witnesses and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.  There is a presumption in favor of awarding costs, but a court may deny costs at its discretion.  *White & White v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986) and *Soberay Machine & Equipment Company v. MRF Limited, Inc.,* 181 F.3d 759 (6th Cir. 1999).  There are circumstances which have been found by the Sixth Circuit as sufficient to overcome the presumption in favor of awarding costs to the prevailing party:

> where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting nonmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult.

*White & White*, 786 F.2d at 730 (citations omitted).

Defendant moves for taxation of costs in the amount of $7,803.67 which includes the Clerk's fee for filing a Notice of Removal in the amount of $250.00; costs for service of process on James Burger in the amount of $182.75; costs for copying the 289 documents that plaintiff received during discovery in the amount of $57.80; court reporter fees for deposing and preparing transcripts of the depositions of plaintiff ($1,901.05) and James Burger ($1,429.25); and costs for purchasing a copy of the deposition transcripts of Mark Anderson ($1,043.17), Michael Jusek ($1,167.50), Diane Kaufman ($1,162.00) and Connie Wargo ($610.15).

Plaintiff does not object to the propriety of awarding any of the specific costs but asserts that the costs should not be allowed because the case was "close and difficult" and plaintiff is

financially unable to pay the costs.[1]

"The closeness of a case is not determined by whether one party prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White,* 786 F.2d at 732.

In *White*, the Sixth Circuit held that the district court acted properly in considering the length and difficulty of the complex antitrust case in denying costs to the prevailing party when the trial lasted 80 days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and resulted in a 95 page opinion. *Id.* at 732.

This case, by contrast, was not overly complex. Plaintiff presented a claim under the well-settled law of the ADEA. In disposing of the case on a motion for summary judgment, the Court determined that plaintiff failed to demonstrate direct evidence or a prima facie case through circumstantial evidence. Nor was plaintiff able to show pretext. Additionally, while plaintiff asserted claims for hostile work environment and intentional infliction of emotional distress, no additional argument or evidence was presented in support. Therefore, this case was not close and difficult.

The Sixth Circuit has stated that a district court "should ignore" the ability of the

---

[1] Plaintiff also argues that the motion is untimely because it was filed 47 days after the issuance of the Judgment Entry in this case. Plaintiff, however, acknowledges that the Northern District of Ohio has no local rule setting a time limit on the filing of motions for costs. Furthermore, the Sixth Circuit has recognized that "case law indicates that, where no local rule sets a time for filing a bill of costs, Rule 54(d)--which does not include any specific time limit--allows a prevailing party to wait until after appeal to file its bill." *Baker v. First Tennessee Bank Nat. Ass'n*, 1998 WL 136560 (6th Cir. March 19, 1998) (citations omitted).

prevailing party to pay his or her costs in determining whether to exercise its discretion to deny costs. *White & White,* 786 F.2d at 731. The indigency of the losing party may be considered, however, in taxing costs. *Singleton v. Smith,* 241 F.3d 534 (6th Cir. 2001) (citing *Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir. 1986) ) ("Although the ability of the winning party to pay his own costs is irrelevant, another factor in favor of denying costs is the indigency of the losing party.") In *Singleton*, it was undisputed that plaintiff was indigent in that he had been granted *in forma pauperis* status to file his lawsuit. Although indigency does not automatically "insulate a losing party from an order to pay costs," *Johnson v. Henderson,* 1995 WL 579441 (6th Cir. Sept. 28, 1995), the burden is on the plaintiff "to show that he is incapable, as a practical matter, of paying" the costs. *Jones v. R. KOLB, Ruo,* 84 Fed. Appx. 560 (6th Cir. 2003). "The size of the award and the circumstances in which it will ultimately be applied" are factors that this Court may consider "in evaluating the effect of indigency." *Singleton*, 241 F.3d at 540.

The Court agrees with defendant that plaintiff's affidavit does not establish that he is incapable of paying the costs. As defendant points out, plaintiff's affidavit does not claim that his part-time salary and his wife's Social Security Disability income are his sole source of income and omits reference to other sources of money, such as bank accounts. Plaintiff is hereby ordered to provide further information, demonstrating his inability to pay, within 30 days of this Order. *See Lindsay v. Pizza Hut,* 84 Fed.Appx.582 (6th Cir. 2003) (Upon plaintiff's objection that he was indigent and could not afford to pay the costs, the district court ordered him to provide updated information concerning his financial condition.)

For the foregoing reasons, defendant's Motion to Tax Costs Against Plaintiff is held in abeyance pending further documentation provided by plaintiff.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/13/05